Grace Ria AUGUSTIEN, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–76383.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**640**

Robert G. Ryan, Esquire, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esquire, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondents.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Grace Ria Augustien, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Augustien bases her asylum claim on a fear of future persecution, not on a showing of past persecution. Substantial evidence supports the IJ's finding that Augustien failed to demonstrate a well-founded fear of future persecution because, even if, as an Ambonese Christian, she is a member of a disfavored group, she did not demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004). Additionally, the record does not

compel the conclusion that the strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Accordingly, Augustien's asylum claim fails.

Because Augustien failed to demonstrate eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the IJ's determination that Augustien is not entitled to CAT relief because she failed to demonstrate that it is more likely than not that she will be tortured if she returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

